IN THE
TWELFTH COURT OF APPEALS
==========================
No. 12-14-00016-CV
==========================
JUAN ENRIQUEZ,
Plaintiff-Appellant,

v.

BRAD LIVINGSTON,
Defendants-Appellees.
==========================
Appeal from the 369th District Court
of Anderson County, No. 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
==========================

FILED IN COURT OF APPEALS
12th Court of Appeals District

SEP 28 2015

TYLER TEXAS
PAM ESTES, CLERK

APPELLANT'S ADVISORY TO THE COURT

TO THE HONORABLE JUDGES OF SAID COURT:

Juan Enriquez, Plaintiff-Appellant, herein informs the Court that he has filed with the lower court a motion for nunc pro tunc correction of order to reflect it was not mailed to Appellant until July 1, 2015, as reflected in the postmark on the envelope and that he has requested the Reporter from Travis County to file the Reporter's Records in this case.

A copy of the motion and letter are attached.

Respectfully submitted,

Juan Enriquez
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

Certificate of Service

I, Juan Enriquez, certify that a correct copy of the above advisory was served by placing same in the United States mail, postage prepaid, on September 21, 2015, addressed to Ken Paxton, Attorney General of Texas, P. O. Box 12548, Austin, TX 78711.

Juan Enriquez

CAUSE NO. 369-5019

JUAN ENRIQUEZ,                 §        IN THE DISTRICT COURT
        Plaintiff,             §
                               §
v.                             §        369TH JUDICIAL DISTRICT
                               §
BRAD LIVINGSON, ET AL.,        §
        Defendants.            §        ANDERSON COUNTY, TEXAS

PLAINTIFF'S MOTION FOR NUNC PRO TUNC CORRECTED ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

Juan Enriquez, Plaintiff, pursuant to Rule 36a, Sections 1 thru 7, Texas Rules of Civil Procedure, moves the Court for a nunc pro tunc corrected Order of Dismissal, averring as grounds the following:

I.

The order of dismissal in this case was signed April 22?, 2015. However, the district clerk did not mail the order to Plaintiff until July 1, 2015, as reflected by the postmark on the envelope. This order did not arrive on the Michael Unit until somewhere between July 2 and July 22, 2015. Prison records will reflect the exact date.

II.

The date when Plaintiff received a copy of the judgment is more than 20 days after it was signed.

III.

The district clerk's civil docket does not reflect when the order was mailed to Plaintiff. Also, the plaintiff as a prisoner does not have access to the mail records of the Michael Unit, Texas Department of Criminal Justice -- Correctional

Institutions Division (TDCJ_CID). Plaintiff, thus, needs an evidentiary hearing where he can subpoena A. Cargill, mailroom supervisor, Michael Unit, to testify when mail from the district clerk for plaintiff reached the Michael Unit from April 22, 2015, to July 13, 2015, and Janice Staples, district clerk of Anderson County, to testify when she mailed the order of dismissal to plaintiff.

## IV.

Rule 306a, supra, sections 4 through 6 provide:

4. No notice of judgment. If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

5. Motion, notice and hearing. In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgmotn was signed.

6. Nunc pro tunc order. When a corrected judgment has been signed after expiration of the court's plenary power pursuant to Rule 316, the periods mentioned in paragraph (1) of this rule shall run from the signdate of the signing the corrected judgment with respect to any complaint that would not be applicable to the original document.

## V.

A copy of the July 1, 2015, postmarked envelope from the district clerk was provided as EXHIBIT A to Plaintiff's petition for mandamus filed September 14, 2015, by mailbox rule filing.

## VI.

Plaintiff did not receive notice of the April 22, 2015, signing until after July 1, 2015, nor did he acquire actual knowledge of the signing until after July 1, 2015.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this motion be granted and that the motion be set for egidentiary hearing at an early a time and date as is consistent with the business of the court.

Respectfully submitted,

Juan Enriquez
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

### Certificate of Service

I, Juan Enriquez, certify that a correct copy of the above motion was served by placing same in the United States mail, postage prepaid, on September 21, 2015, addressed to Ken Paxton, Attorney General of Texas. P. O. Box 12548, Austin, TX 78711.

Juan Enriquez

227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886
September 21, 2015

Official Reporter
345th District Court
Travis County Courthouse
P. O. Box 1748
Austin, TX 78767

Re: Cause No. D-1-GN-12-000577
Juan Enriquez v. Brad Livingston

No. 12-14-00016-CV
Twelfth Court of Appeals

Dear Sir or Madam:

On April 5, 2013, there was a hearing in the 345th District Court on a motion to recuse Judge Yelenosky. Also, on June 26, 2013, there was a hearing before Judge Yelenosky to transfer venue in the above referenced case.

This case is now on appeal in the Twelfth Court of Appeals. I need a transcript of both hearings filed with the Twelfth Court of Appeals.

I was proceeding in forma pauperis in Travis County. I expect Travis County will pay your charges for the transcripts.

Very truly yours,

Juan Enriquez

cc: Ken Paxton
Clerk, Twelfth Court of Appeals